ROBERT L. BLAND, JUDGE,
dissenting.
It sufficiently appears from the majoriiy opinion that relations between the executive secretary to the board of examiners for registered nurses and the claimant, a former stenographer for the board, were anything but cordial. Such fact, however, should constitute no valid reason for the denial of an award in this case, when it appears, as is clearly shown by the weight of the evidence, that claimant was obliged on account of the exacting requirements of her superior officer to perform duties after regular working hours, requiring additional time and greater labor, which could easily have been done between nine o’clock A. M. and five o’clock P. M. of each working day. There is a well-known adage worthy of all acceptation that “a laborer is worthy of his hire.” It is manifest from the record that *171 claimant was capable and well qualified to discharge the duties devolving upon her position. She was well recommended to the board by the executive secretary of the state nurses association, who fully acquainted claimant with the usual and customary hours of employment. There is nothing in the record showing failure on the part of claimant to discharge all the duties incumbent upon her promptly and efficiently. It is by reason of the manner in which the work of the office was administered by (he present executive secretary to the board that claimant was obliged to do overtime work. It is needless to advert at any length to the convincing facts appearing in the record. Suffice it to say that in view of the undisputed facts disclosed by the record supporting the claim in question, there would seem to be without doubt a moral obligation on the part of the state to compensate the claimant for her excessive overtime employment. It is shown that at least on one occasion overtime compensation was paid by the present executive secretary to the board, although she professes to have made the payment out of her own funds. Why she should have done this is not apparent.
By reference to chapter 1 of the ac!s of the Legislature of West Virginia, regular session, 1943, the purpose of which act is to appropriate the money necessary for economic and efficient discharge of the duties and responsibility of (he state, it will be observed that to pay the per diem of members and other general expenses of the state board of examiners for registered nurses the sum of $4000.00 each year of the succeeding biennium was appropriated, and by reference to chapter 11 of the acts of the Legislature of West Virginia, regular session, 1945, it will be further noted that to pay the per diem of members and other general expenses of the board, an appropriation of $6500.00 was made for each year of the succeeding biennium. It thus appears that within the contemplation of the Legislature additional duties and greater labors were to be performed by the board. The overtime or extra work performed by claimant overlapped between these two appropriations. That there was money available to pay claimant for *172 eight days overtime work done by her is made quite clear. When two hundred and fifty nurses present for examination in the legislative chambers were waiting the results of their examinations, it is manifest that the holding of such examinations and grading the papers thereafter presented a situation that called for extra work, and yet there was nobody to do this extra work except claimant herself. The record does not disclose that the executive secretary proved herself to be of much assistance.
I would favor an award compensating claimant for eight days overtime work.